**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SECOND HIGHWAY BAPTIST CHURCH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-8581-MVL-SS** |
| **STATE FARM INSURANCE COMPANY** | |

**ORDER**

STATE FARM'S MOTION FOR SANCTIONS (Rec. doc. 37)

**GRANTED**

Before the undersigned is the motion of the defendant, State Farm Insurance Company ("State Farm"), for an order finding Copeland & Company, LLC ("Copeland & Co.") in contempt and sanctioned for their failure to comply with subpoenas.

**BACKGROUND**

On August 29, 2007, the plaintiff, Second Highway Baptist Church ("Second Baptist"), filed a petition in state court against the defendant, State Farm Fire and Casualty Company ("State Farm"), for damages caused by Hurricanes Katrina and Rita. Rec. doc. 1. Second Baptist's claims pertain to two properties in Marrero, Louisiana: one at 1533 Haydel Drive; and the other at 5315 August Avenue. Rec. doc. 80. State Farm removed the case to federal court. Rec. doc. 1. The discovery deadline was January 21, 2009. The pretrial conference was set for February 19, 2009 and the trial is set for March 2, 2009. Rec. doc. 7.

On April 16, 2008, State Farm served written discovery on counsel for Second Baptist. Rec. doc. 10 (Exhibit 1). Although the Federal Rules of Civil Procedure required that Second

Baptist respond to the discovery within thirty days, its counsel did not respond and did not seek an extension. On July 18, 2008, State Farm sent a follow-up letter to counsel for Second Baptist. Id. (Exhibit 2). Pursuant to the Local Rules of this Court, counsel for Second Baptist was required to participate in a conference with counsel for State Farm which was scheduled for August 1, 2008. L.R. 37.1. Counsel for Second Baptist did not participate in the conference. Pursuant to the Local Rules of this Court, counsel for Second Baptist was required to file an opposition to State Farm's motion to compel by September 30, 2008. L.R. 7.5. Counsel for Second Baptist did not file any opposition to the motion. On October 8, 2008, the motion was granted as unopposed. On September 22, 2008, State Farm filed a motion to compel discovery responses from the plaintiff. Second Baptist was ordered to serve discovery responses by October 23, 2008. Notwithstanding the failure of Second Baptist and its counsel to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court, State Farm's request for sanctions was denied. Rec. doc. 12.

On October 23, 2008, State Farm filed a motion to dismiss Second Baptist's claims with prejudice for its failure to comply with the October 8, 2008 discovery order. Rec. doc. 13. On November 11, 2008, State Farm's counsel notified the Court that counsel for Second Baptist finally responded to its discovery requests. Its motion was thereby moot. Rec. doc. 15.

On November 21, 2008, State Farm filed a motion to compel inspection of Second Baptist's property. State Farm made numerous attempts to schedule the inspection of the property. Rec. doc. 16 (Exhibits B-I). Second Baptist was ordered to submit an opposition by December 4, 2008. Rec. doc. 19. Notwithstanding the order to file an opposition, counsel for Second Baptist did not do so. The motion was granted as unopposed. Second Baptist was ordered to permit State Farm's experts to inspect the property on December 16, 2008. Rec. doc. 22.

On December 8, 2008, State Farm moved to strike Second Baptist's witnesses and exhibits because it did not produce an expert report as required by the Court's scheduling order, it did not make initial disclosures as required by the Federal Rules of Civil Procedure and the scheduling order, and its witness and exhibit lists identified persons and evidence that were not disclosed in its discovery responses. Rec. doc. 24. On February 3, 2008, the District Judge denied the motion without prejudice. The order provides that, "[b]ecause the plaintiff has not filed any expert reports nor has asserted that any of his witnesses would be testifying as an expert, the Court finds that this issue is not yet ripe." Rec. doc. 61 at 2.

## MOTIONS FOR PARTIAL SUMMARY JUDGMENT

On January 6, 2009, State Farm filed motions for partial summary judgment on Second Baptists' claims for: (1) damages for State Farm's alleged bad faith (Rec. doc. 39); (2) damages for mental anguish (Rec. doc. 40); and (3) attorney's fees (Rec. doc. 41). Regarding the bad faith claims and attorneys fees, the District Judge stated:

> [T]he plaintiff has wholly failed to present <u>any</u> evidence that would create a genuine issue of material fact as to whether State Farm acted arbitrarily and capriciously in handling the plaintiff's claim. Plaintiff's refusal to submit rational documentation is patent. Because the plaintiff has failed to establish an essential element of its claims for bad faith penalties and attorneys fees, these claims are therefore dismissed.

Rec. doc. 80 at 6 (emphasis in original). The District Judge held that the plaintiff could not recover for emotional distress, inconvenience, or any other form of mental anguish because it was an organization and not an individual. The District Judge stated that, "[t]he claim is frivolous." Id. at 7. On February 18, 2009, State Farm's motions for partial summary judgment were granted.[1]

---

[1] A copy of the District Judge's order of February 18, 2009 is attached to the copy of this order, which will be sent to Reverend Joseph Walker, III.

3

## MOTION FOR SANCTIONS

On January 6, 2009, State Farm filed a motion for sanctions. Second Baptist had identified Kevin and Bruce Copeland of Copeland & Co. as witnesses. Kevin Copeland was described as a site inspector and a witness. Bruce Copeland was identified as a public adjuster and estimator. Rec. doc. 20. On December 19, 2009, State Farm had served Copeland & Co. with subpoenas for Bruce and Kevin Copeland by mailing them to Bruce Copeland as manager of the firm at the address provided by the Secretary of State. Subpoenas were also served on Bruce and Kevin Copeland by service on Harry Cantrell, who is the registered agent for service of process for Copeland & Co. and also counsel for Second Baptist. Rec. doc. 37 (Exhibit 1A-B). The subpoenas sought production of the records by December 29, 2009. State Farm reported that Bruce and Kevin Copeland did not produce the entire Copeland file on Second Baptist. On January 14, 2009, Second Baptist filed a response and stated:

> Plaintiff has been in contact with Copeland & Company, LLC regarding the requested production of records as request [sic] by the Defendant. That on/or about January 8, 2008 [sic] counsels' office did deliver all record [sic] it had received from Copeland & Company, L.L.C. and Pastor Lawrence Walker in response to the Notice of Record Deposition and Subpoenas received.

Rec. doc. 55.

On January 15, 2009, there was a telephone settlement conference with the undersigned. Bruce Copeland participated in the conference along with Mr. Cantrell on behalf of plaintiff. It was agreed that settlement discussions were premature. Second Baptist was ordered to produce the documents which were subpoenaed from Bruce Copeland by no later than January 29, 2009. It was noted that all of these documents should have been produced as part of the initial disclosures required by Fed. R. Civ. P. 26. The minute entry provided that any documents not produced by

January 29, 2009 would be excluded from evidence and could not be used to support plaintiff's claim. Mr. Copeland was required to make a return under oath certifying that all of the documents in his possession or generated by him on behalf of Second Baptist in support of his expert report were produced. Rec. doc. 57.[2] The issue of the imposition of sanctions was not resolved at that time.

On February 13, 2009, State Farm filed a motion to strike the testimony of Bruce Copeland and any unproduced and untimely evidence in his or plaintiff's possession. Rec. doc. 74. The motion is set before the District Judge. State Farm states that, "[p]laintiff did not produce any evidence in response to Magistrate Shushan's Minute Entry/Order by January 29, 2009." Id. at 2. Second Baptist filed an opposition in which it states, "all evidence in possession of Bruce Copeland or used by Bruce Copeland to calculate the damage estimate for the property in question was supplied to the defendant on more than one occasion." Rec. doc. 75. State Farm replies that: (1) Second Baptist did not produce the documents by January 29, 2009; (2) neither Second Baptist nor Copeland produced the contract between them and many other documents used by Copeland; and (3) Second Baptist did not provide the certification from Bruce Copeland as required by the January 15, 2009 minute entry. Rec. doc. 81.

## ANALYSIS

Pursuant to Fed. R. Civ. P. 37(b)(2) (A), "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Id. The Rule further provides that:

---

[2] A copy of the January 15, 2009 minute entry is attached to the copy of this order which will be sent to Reverend Joseph Walker, III.

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(c).

**In summary, Second Baptist failed to: provide its initial disclosures; respond to State Farm's written discovery; comply timely with the October 8, 2008 discovery order; comply with State Farm's requests for an inspection of the property; produce a timely report of its expert; and comply with the orders contained in the January 15, 2009 minute entry. Neither Second Baptist nor Cantrell have demonstrated that these failures were substantially justified or that other circumstances make an award of expenses unjust.**

The record does not demonstrate that Second Baptist or its principal, the Reverend Walker, were responsible. Instead, the record demonstrates that Second Baptist's counsel, Harry Cantrell, completely ignored his obligation to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court and to prepare this case for trial. Claims that Cantrell included in the petition were described by the District Judge as frivolous. State Farm has been prejudiced by Cantrell's conduct. It was required to file motions to compel (Rec. doc. 10), to dismiss for failure to comply with discovery order (Rec. doc. 13), to compel entry upon land (Rec. doc. 16), and for sanctions (Rec. doc. 37). It was required to participate in a settlement conference which was premature because Cantrell had not produced the information from Bruce Copeland. Rec. doc. 57.

Throughout this process the undersigned refrained from the imposition of sanctions, including attorneys' fees. The orders were directed at securing the information from Second Baptist required by State Farm to defend and evaluate the case and to put it in a posture where either it is settled or was ready for trial. Cantrell obstructed this effort. Monetary sanctions will be imposed

on him for his violations of the discovery orders.

State Farm sought sanctions from Copeland & Co. Mr. Copeland was present as the January 15 conference and assured the undersigned that he would comply with the terms of the order entered that day. He did not do so. But, Mr. Copeland is not counsel of record for plaintiff and cannot be held responsible for Mr. Cantrell's obligations to the Court.[3] After the issuance of the January 15, 2009 minute entry the burden rested with Cantrell.

Sanctions will not be imposed on Second Baptist because there is no evidence that it participated with Cantrell in the refusal to comply with the applicable rules and the orders of this Court.[4] A copy of this order will be sent to Reverend Walker. **From this point forward Reverend Walker is on notice that any further failure by Second Baptist to comply with its obligations as a litigant will result in sanctions being imposed upon it, including a recommendation that its claims be dismissed with prejudice.**

Cantrell will be ordered to pay State Farm $3,000.00 in attorney's fees. This sum is significantly less than the reasonable attorney's fees and costs incurred by State Farm in attempting to secure information required for its trial preparation. Cantrell shall pay State Farm the $3,000.00 from his own funds. He shall not seek, directly or indirectly, reimbursement of this payment from Second Baptist.

IT IS ORDERED that: (1) State Farm's motion for sanctions (Rec. doc. 37) is GRANTED; and (2) **within five (5) working days of the entry of this order, Harry Cantrell shall deliver a**

---

[3] Mr. Copeland does appear to be much more in control of the litigation than Mr. Cantrell, but Mr. Copeland is not an attorney.

[4] On a side note, Mr. Cantrell and Reverend Walker first met a few weeks ago at the time Reverend Walker was deposed. It appears that all prior contact regarding this litigation, pending for a year and one-half, has been between Mr. Copeland and Reverend Walker.

**check in the amount of $3,000.00 payable to State Farm to its counsel**.

New Orleans, Louisiana, this 19th day of February, 2009.

_____
SALLY SHUSHAN
United States Magistrate Judge

cc: United States District Judge Feldman

**Clerk to also serve:**

**Reverend Joseph Walker, III**
**Second Highway Baptist Church**
**1533 Haydel Drive**
**Marrero, LA 70072**

**Reverend Joseph Walker, III**
**7312 Gentry Road**
**Marrero, LA 70072**